Environmental Court of Vermont
State of Vermont
VERMONT
ENVIRONMENTAL COURT

========================================================================
### E N T R Y   R E G A R D I N G   M O T I O N
========================================================================

Wood Zoning Permit Amendment

Docket No. 81-4-07 Vtec
Municipal ZBA Appeal from ZA

Title: Motion for Summary Judgment, No. 3
Filed:     July 20, 2007
Filed By: Ellis, William F., Attorney for:
          Appellee Town of Hartford
Response filed on 08/20/07 by Appellant Marc Wood
Objection

__X__ Granted              ___ Denied              ___ Other

In its motion to dismiss, the Town of Hartford ("Town") first seeks dismissal of Mr. Wood's most recent appeal, due to what appears to be an undisputed late filing of his Notice of Appeal with this Court. While Mr. Wood concedes that he didn't first file his Notice of Appeal with this Court, he asserts that his prior filing of his Notice of Appeal with the Town within the required time for appeal makes his appeal timely. Given the frequency of Mr. Wood's appeals to this Court, it is difficult for the Court to conceive how Mr. Wood could be so confused about the rules regarding the proper filing of an appeal. However, his pleadings clearly show that he remains confused. Thus, the provisions of V.R.E.C.P. 5(b)(1) which safeguard appeals mistakenly filed with the municipality apply here. The Town's motion to dismiss is therefore **DENIED** on this point of law.

This most recent appeal[*] by Mr. Wood represents at least his second attempt to amend the authority to develop his property at 194 Maple Street (a/k/a Vermont Route 14) in Harford, Vermont. He first obtained approval to develop a portion of the property upon his receipt of Town zoning permit #99-1180. The property is narrow and slopes steeply as it drops away from Maple Street. Mr. Wood has sought approval for the further development of his property, including the construction of a substantial retaining wall, so that more of the steeply sloping lot could be used.

In Mr. Wood's last appeal to this Court – In re Appeal of Wood, Docket No. 185-10-04 Vtec (Vt. Envtl. Ct., April 13, 2006) – this Court entered summary judgment against Mr. Wood, finding that the Town was within its discretion under its zoning regulations to require that Mr. Wood supply a site plan, completed by a licensed engineer before it would review his plan to construct[†] the aforementioned retaining wall. Mr. Wood's appeal of that determination was dismissed by the Vermont Supreme Court. See, In re Appeal of Marc Wood, Vt. Supreme Court Docket No. 2006-256 (unpublished Entry Order; July 21, 2006). Thus, this Court's prior determination that any amendment of the permit Mr. Wood previously received must include a site plan completed by a Vermont licensed engineer is now a final determination.

---

[*] Mr. Wood has just filed a more recent appeal, challenging the Town's refusal to issue a certificate of occupancy for the development of the property described above, pursuant to Town permit #99-1180. That most recent appeal has been assigned Docket #176-8-07 Vtec.

[†] Mr. Wood has already begun the construction of the aforesaid retaining wall.

In the now pending appeal, Mr. Wood does not contest the Town's assertion that his newest amendment application does not include a site plan completed by a Vermont licensed engineer, surveyor or architect, even though it contemplates the retaining wall that Mr. Wood is in the process of completing. Thus, we regard the Town's undisputed material facts as true in rendering our decision here. See, <u>Gallipo v. City of Rutland</u>, 178 Vt. 244 (2005) (when a non-moving party fails to controvert a statement of undisputed facts submitted by moving party, the trial court, in its discretion, may deem such facts admitted).

The Court finds Mr. Wood's filings confusing and difficult to follow. It appears as though Mr. Wood is asserting that the Town and the Court should ignore the prior final determination that his site plan requires engineering expertise. While Mr. Wood is correct that Article IV of the Hartford Zoning regulations provide certain limited exemptions from the general requirement that site plans be completed by licensed engineers, we decline to follow his suggestion to ignore our prior determination that his amended site plan needs professional engineering expertise. Mr. Wood's retaining wall is a significant structure; its failure could cause significant harm and damages to him and others. For all these reasons, and even when viewing the material facts in a light most favorable to him, we cannot discern how Mr. Wood's pending amendment application could be deemed in conformance with the Hartford Zoning Regulations in general and Article IV in particular. We therefore **GRANT** the Town's motion to dismiss Mr. Wood's appeal, with prejudice.

Mr. Wood has filed another appeal with this Court. It has been assigned Docket No. 176-8-07 Vtec. It appears that this newest appeal concerns a Certificate of Occupancy for development of the same property, as it references the same prior permit (Hartford Zoning Permit #99-1180) and a similar street address (1492 Maple Street vs. 194 Maple Street; we ask Mr. Wood to clarify whether this is a different address, or simply a typographical error in the most recent appeal notice). An initial conference and any pre-trial motions in this newest appeal will be addressed in the ordinary course of the Court's procedures.

_____
Judge

Aug. 27, 2007.
_____
Date

=================================================================================

Date copies sent to: 8/27/07                    Clerk's Initials _____

Copies sent to:
    Appellant Marc Wood
    Attorney William F. Ellis for Appellee Town of Hartford